UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CIV-61730-Bloom/Valle

WILLIAM GREENBERG,

    Plaintiff,

v.

MICHAEL BILOTTI,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court upon Plaintiff William Greenberg's Motion for Summary Judgment, ECF No. [25] (the "Motion"). The Court has reviewed the Motion, Defendant Michael Bilotti's Response, ECF No. [31], Plaintiff's Reply, ECF No. [34], all related filings and declarations, the record in this case, and is otherwise fully advised in the premises. For the reasons stated below, the Motion is granted.

## I. FACTS

On or about February 1, 2012, Defendant Michael Bilotti ("Defendant") executed a Replacement Promissory Note unto Plaintiff William Greenberg ("Plaintiff") with an original principal amount of $313,638.73 (the "Promissory Note" or "Note"). *See* Complaint at ¶ 9; Plaintiff's Concise Statement of Material Facts ("Pl. SOF"), ECF No. [26][1] at ¶ 1; *see also*

---

[1] Local Rule 56.1 requires a summary judgment movant to submit a "Statement of Material Facts" along with the original motion. *See* S.D. Fla. L.R. 56.1(a). The Statement must "[b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court. *Id.* at (a)(2). An opponent who fails to controvert the movant's Statement of Material Facts is advised accordingly:

1

Promissory Note, ECF No. [1-1]. The Note provided a an eight percent (8%) per annum interest rate, and a default interest rate of eighteen percent (18%) per annum. Pl. SOF at ¶ 3. Defendant immediately defaulted on the Note, failing to pay the first installment, due on March 1, 2012, or any installment thereafter. *Id.* at ¶ 4; *see also* Promissory Note at 1. On October 1, 2015, the Promissory Note matured. *See* Promissory Note at 1. Defendant also failed to pay the value of the note upon maturity. Pl. SOF at ¶ 4. When Plaintiff demanded payment in full, Defendant apparently refused. *Id.* at ¶ 6.

Invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff commenced this three-count action asserting claims for promissory note (Count I), money lent (Count II) and unjust enrichment (Count III). *See* Complaint, ECF No. [1]. Specifically, Plaintiff seeks the principal amount of $313,638.73, per diem interest from March 1, 2012, through the present, as well as attorneys' fees and costs purportedly owed under the terms of the Promissory Note. Pl. SOF at ¶¶ 8-9; *see also* Promissory Note at 2.

## II. LEGAL STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

> All material facts set forth in the movant's statement filed and supported as required above will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record.

*Id.* at (b). While Plaintiff has properly filed a Rule 56.1 Statement, Defendant has elected not to respond to the same, thereby admitting the facts contained therein. *See Joseph v. Napolitano*, 839 F. Supp. 2d 1324, 1336 (S.D. Fla. 2012) (deeming facts admitted where party failed to controvert under Local Rule 56.1); *Maryland Cas. Co. v. Integration Concepts, Inc.*, No. 14-CV-14231, 2015 WL 4747539, at *1 n.1 (S.D. Fla. June 24, 2015) (same); *see also* Fed. R. Civ. P. 56(e) (allowing the court to "consider [a] fact undisputed for purposes of the motion" where the party "fails to properly address another party's assertion of fact as required by Rule 56(c)").

R. Civ. P. 56(a).  An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).  A fact is material if it "might affect the outcome of the suit under the governing law."  *Id*. (quoting *Anderson*, 477 U.S. at 247-48).  The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252.  Further, the Court does not weigh conflicting evidence.  *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact.  *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).  Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'"  *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).  Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'"  *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor.  *Shiver*, 549 F.3d at

1343.  Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate.  *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

In resolving issues presented under Fed. R. Civ. P. 56, "the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied."  *Carlin Commc'n, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986); *see also Aurich v. Sanchez*, 2011 WL 5838233, at *1 (S.D. Fla. Nov. 21, 2011) ("If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the court must not grant summary judgment." (citing *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir. 1993))).

### III. DISCUSSION

Plaintiff now moves for judgment on the Promissory Note, believing there to be no justiciable issues of fact remaining.  *See* Motion at ¶ 1.  Indeed, "[s]uits to enforce promissory notes 'are among the most suitable classes of cases for summary judgment.'"  *United States v. Newcombe*, No. 8:08-CV-2225-T-27EAJ, 2009 WL 1759587, at *1 (M.D. Fla. June 18, 2009) (quoting *Lloyd v. Lawrence*, 472 F.2d 313, 316 (5th Cir. 1973)).[2]  Plaintiff's Motion also seeks fees pursuant to the terms of the Note.  *See* Motion at ¶ 6.

#### A.     Plaintiff is Entitled to Judgment as a Matter of Law

"A promissory note, if mature and regular on its face, is sufficient to establish a prima facie case for enforcement."  *Suntrust Bank v. Armsey*, No. 09-80606-CIV, 2010 WL 4553766, at *2 (S.D. Fla. Nov. 3, 2010); *White v. Bachner*, 632 So. 2d 94 (Fla. 3d DCA 1994) ("A promissory note admitted into evidence is sufficient, without other extrinsic proof, to establish a

---

[2] Decisions rendered by the former Fifth Circuit prior to October 1, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)).

prima facie case in an action on the note."). Thus, "[a] payee's possession of an original uncanceled promissory note raises a presumption of non-payment that shifts the burden of proof to the payor to establish payment or another defense." *Cole Taylor Bank v. Shannon*, 772 So. 2d 546, 550 (Fla. 1st DCA 2000) (citing *Jacobs v. Becks*, 355 So. 2d 1241 (Fla. 1st DCA 1978)). "All attacks upon it, or the debt it represents, must be made by affirmative defenses on which a defendant bears the burden of proof." *Armsey*, 2010 WL 4553766 at *2 (citations omitted); *Cole Taylor Bank*, 772 So. 2d at 550 ("Challenges to a promissory note, mature and regular on its face, or to the debt it represents, must be made by affirmative defense."). "[S]ummary judgment is appropriate based on the evidence of the promissory note and if there is 'no evidence of any release, waiver, novation or discharge of the valid promissory note." *Armsey*, 2010 WL 4553766 at *2 (quoting *Wachovia Bank, National Association v. Horizon Wholesale Foods, LLC*, No. 09–0072–KD–B, 2009 WL 3526662, at * 3 (S.D. Ala. Oct.23, 2009)).

No dispute exists over the essential facts of this action, to wit, that Plaintiff is the proper holder of the Note, that payment is required by Defendant under the terms of the Note, and that Defendant has defaulted on the Note. *Compare* Motion *with* Defendant's Response to Plaintiff's Motion ("Def. Resp."), ECF No. [31]. Consequently, Defendant must establish that an affirmative defense creates an issue of fact preventing judgment in this case. "A district court should not grant summary judgment where genuine issues of material fact exist about an affirmative defense." *Bryant v. Rich*, 530 F.3d 1368, 1380 (11th Cir. 2008) (citing Fed. R. Civ. P. 56(c)) (further citations omitted); *Singleton v. Dep't of Corr.*, 277 F. App'x 921, 923 (11th Cir. 2008) ("Summary judgment is not appropriate where a genuine issue of material fact exists about an affirmative defense.").

According to Defendant, Plaintiff has failed to negate Defendant's affirmative defenses, specifically: (1) that Plaintiff failed to provide notice as required by the Note; and (2) that Plaintiff has failed to comply with the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA").[3]  *See* Def. Resp. at ¶ 3.  The Court addresses these arguments in turn, finding that neither has merit.

The Promissory Note at issue includes an acceleration clause, which provides:

> Upon default in the payment of principal and/or interest when due, then ten (10) days after written notice from the Holder to the Maker hereof stating that such default has occurred, the whole sum of principal and interest remaining unpaid shall, at the option of the Holder, become immediately due and payable, unless the Maker cures such default within such ten (10) day period after such written notice.

Promissory Note at 2.  The plain language of this acceleration clause permits Plaintiff to request the full amount due shortly after default, provided that Defendant is given written notice and afforded ten (10) days to remedy the default.  *Id.*  Defendant asserts that Plaintiff has failed to give written notices in compliance with the acceleration clause.  *See* Affirmative Defenses, ECF No. [9] at ¶ 4; Def. Resp. at ¶ 3.  However, Plaintiff was not obligated to provide notice because Plaintiff never sought to accelerate the amount due.  In fact, the Note matured over four months ago, on October 1, 2015, and only now has Plaintiff demanded the amount due.  Defendant fails to direct the Court to any provision in the Note which required notice or demand prior to commencing the instant action.  Stated simply, there was no attempt at acceleration and, therefore, there was no notice required.[4]

---

[3] Defendant commingles these defenses into one single affirmative defense.  *See* Affirmative Defenses, ECF No. [9].

[4] Defendant points to the fact that Plaintiff filed this action prior to the Note's maturity date.  *See* Def. Resp. at ¶ 3.  While it may have been more prudent to wait until maturity to initiate this

Defendant's remaining affirmative defense, that Plaintiff has failed to comply with TILA by failing to give disclosure and/or a right of rescission, as well as "other statutory requirements," is also unfounded. TILA's purpose is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). "To that end, the statute and its implementing regulations set forth the timing and content of certain mandatory disclosures regarding finance charges, annual percentage rates of interest, total payment schedule and the like." *Muro v. Hermanos Auto Wholesalers, Inc.*, 514 F. Supp. 2d 1343, 1348 (S.D. Fla. 2007) (citing 15 U.S.C. §§ 1331-32, 1368; 12 C.F.R. Part 226 ("Regulation Z"); and *Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060 (11th Cir. 2004)).

This argument is a hollow one. First and foremost, Plaintiff does not seek to enforce the Note under any provision found in TILA and, accordingly, a failure to provide required disclosures will not prevent the enforcement of the Note. Contrary to Defendant's belief, Plaintiff is not required to prove at trial that they are exempt from disclosures which are not part and parcel of the claims brought. Again, Defendant fails to cite to applicable law in support of its contention that TILA, a seemingly unrelated statute,[5] somehow prevents enforcement of the

---

litigation, Defendant cites no law requiring such delay. The issue is ultimately rendered moot by the simple fact that the maturity date has now expired.

[5] It is highly questionable as to whether TILA would even apply to the facts before the Court. "TILA only applies to loan servicers that also act as the creditor in the transaction at issue." *Danier v. Fed. Nat. Mortgage Ass'n*, No. 12-62354-CIV, 2013 WL 462385, at *5 (S.D. Fla. Feb. 7, 2013) (citations omitted); 15 U.S.C. § 1602(g) (defining the term "creditor"). The Note is an unsecured transaction between two individuals. *See generally* 15 U.S.C. § 1603(3) (noting that TILA exempts transactions, "other than those in which a security interest is or will be acquired in real property, or in personal property used or expected to be used as the principal dwelling of the consumer and other than private education loans (as that term is defined in section 1650(a) of this title), in which the total amount financed exceeds $50,000").

Note. Second, and equally as critical, TILA provides an independent cause of action; if Plaintiff has violated TILA in some fashion, then Defendant may seek recourse through the appropriate avenue, that is, an independent action.

In sum, Defendant fails to provide a cogent reason as to why judgment should not be entered in Plaintiff's favor. No issues of material fact exist and judgment in Plaintiff's favor is appropriate.

### B. Plaintiff's Request for Attorneys' Fees

"Generally speaking, each party to a lawsuit bears its own attorneys' fees absent a statutory provision or a contractual provision authorizing the award of same." *Overman v. Imico Brickell, LLC*, No. 08-21091-CIV, 2009 WL 68826, at *3 (S.D. Fla. Jan. 6, 2009) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). The Note's choice of law provision dictates that Florida law applies to the interpretation of the Note. *See* Promissory Note at 2. "Under Florida law . . . attorneys' fees may be awarded to a prevailing party pursuant to a contractual agreement authorizing same." *Overman*, 2009 WL 68826, at *3 (citing *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004)). "The Court does not have discretion to decline to enforce a contractual provision awarding attorneys' fees in that such provisions are mandatory." *Id.* (citing *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005)). "A party is deemed a 'prevailing party' if that party succeeds on 'any significant issue' in the litigation which 'achieves some of the benefit the parties sought.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Plaintiff seeks attorneys' fees, costs, and expenses in accord with the terms of the contract, the Promissory Note. *See* Motion at ¶ 6. As to fees, the Note provides that

> Each Maker and endorser further agrees, jointly and severally, to pay all principal and interest due hereunder, *all costs of collection,*

> *including reasonable attorney's fees* and costs for appeal, in case the principal of this Note or interest thereon is not paid on the respective due dates, whether suit be brought or not.

Promissory Note at 2 (emphasis supplied).

Defendant does not challenge the contractual provision but, rather, asserts that Plaintiff's Affidavit as to Attorneys' Fees and Costs "[does] not reflect any demand being sent to the Defendant as required by the Note." *See* Def. Resp. at ¶ 4. To no avail, Defendant, once again, fails to direct the Court to which provision it relies on. The attorneys' fees provision, reproduced above, contains no demand provision, nor does any other portion of the Note, save for the previously-discussed acceleration clause. As previously noted, the acceleration clause only requires notice where the holder seeks to accelerate payment based upon a default, which did not occur here. Accordingly, this argument does nothing to negate the fees request. Based on the preceding determination, see *supra* Section III.A, it is evident that Plaintiff is the prevailing party in this action. Pursuant to the unambiguous terms of the Note, Plaintiff is entitled to his attorneys' fees.

Plaintiff requests $4,280.00 in fees, comprised of 10.7 hours at a rate of $400.00 per hour. *See* Affidavit as to Attorneys' Fees and Costs, ECF No. [28] at ¶¶ 4-5. Additionally, Plaintiff seeks $793.06 in costs, comprised of filing fees, service costs, PACER access, photocopies, and postage. *See id.* at ¶ 6. Defendant fails to dispute these amounts. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). Plaintiff's counsel is a shareholder of the firm and there appears to be no reason to reduce the hourly rate requested. Thus, the Court finds the

9

requested fee to be fair and reasonable. *See, e.g., Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1329 (S.D. Fla. 2015) (finding $400 per hour to be a fair and reasonable attorney's fee); *Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046-CIV, 2010 WL 750301, at *3 (S.D. Fla. Mar. 3, 2010) (determining the same).

## IV. CONCLUSION

Based on the foregoing, Plaintiff is entitled to judgment as a matter of law, as well as fees as dictated by the Promissory Note.[6]  It is, therefore, **ORDERED AND ADJUDGED** that Plaintiff William Greenberg's Motion for Summary Judgment, **ECF No. [25]**, is **GRANTED**. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, final judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 9th day of February, 2016.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

---

[6] Plaintiff fails to specify which Count of the alternatively-pled Complaint it seeks judgment on. Notwithstanding this lack of specificity, all claims request the same relief.  Pursuant to the analysis contained herein, it is clear that Count I of the Complaint affords valid, proper, and complete relief.